IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN STORM, | No. CIV S-08-2708-FCD-CMK |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| SHASTA COUNTY, et al., | |
| Defendants. | |
| _____ / | |

Plaintiff, who is proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's amended complaint (Doc. 9).  Plaintiff's original complaint was dismissed for failure to state a claim, and he was informed as to the defects therein.

As discussed in its previous order, the court is required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis.  See 28 U.S.C. § 1915(e)(2). Under these screening provisions, the court must dismiss a complaint or portion thereof if it:  (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(A), (B) and 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil

1

1  Procedure require that complaints contain a "short and plain statement of the claim showing that
2  the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated
3  simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996)
4  (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the
5  defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v.
6  Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some
7  degree of particularity overt acts by specific defendants which support the claims, vague and
8  conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to
9  conduct the screening required by law when the allegations are vague and conclusory.
10 Additionally, pursuant to Federal Rule of Civil Procedure 12(h), this court must dismiss an action
11 "[w]henever it appears . . . that the court lacks jurisdiction of the subject matter . . . ."  Because
12 plaintiff, who is not a prisoner, has been granted leave to proceed in forma pauperis, the court
13 will screen the complaint pursuant to § 1915(e)(2).  Pursuant to Rule 12(h), the court will also
14 consider as a threshold matter whether it has subject-matter jurisdiction.

15         Federal courts are courts of limited jurisdiction.  This court only has jurisdiction
16 to adjudicate those cases which involve either diversity of citizenship (citizens of different states)
17 or a federal question (such as a constitutional claim).  See Kokkonen v. Guardian Life Ins. Co. of
18 Am., 511 U.S. 375, 380-81 (1994); 28 U.S.C. § 1330 *et seq*.  Most rights secured by the
19 Constitution are a protection only against violations by the government.  See Lugar v.
20 Edmondson Oil Co., Inc., 457 U.S. 922, 936 (1982).

21         Plaintiff names Shasta County, the Packhen family, and Scott Davies as
22 defendants in his amended complaint.  It appears that Scott Davies and Mr. Packhen are
23 Plaintiff's neighbors, and residence of Shasta County.  There is no indication that Plaintiff and
24 the defendants are citizens of different states, thereby invoking this court's diversity jurisdiction.
25 Therefore, in order for this court to have jurisdiction, the claims raised must be based on a federal
26 question.

1    Plaintiff's claims remain unclear.  Reading the complaint broadly, it appears he
2 may be attempting to allege his due process rights have been violated.  He claims that following a
3 confrontation between himself and defendants Davies and Packhen, a Shasta County Deputy
4 Sheriff, who was unnamed, arrived at the scene and arrested Plaintiff.  He further alleges a judge
5 denied his request for an extension of time, a public defender refused to act in his best interest,
6 and a district attorney assisted the Packhens and tampered with the videotape from the
7 confrontation.  He states he believes his rights have been denied, but does not specify what rights
8 he was denied, or who denied them.
9    To the extent he is attempting to claim his due process rights were violated, there
10 are several deficiencies in his claim.  First, a claim involving a violation of an individual's due
11 process rights would fall under 28 U.S.C. § 1983.  Section 1983 provides that "[e]very person
12 who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory
13 or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States
14 or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or
15 immunity secured by the Constitution and laws, shall be liable to the party injured in an action at
16 law, suit in equity, or other proper proceeding for redress . . . ."  42 U.S.C. § 1983.
17 "Traditionally, the requirements for relief under [§] 1983 have been articulated as (1) a violation
18 of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by
19 conduct of a 'person' (4) acting under color of state law."  Crumpton v. Gates, 947 F.2d 1418,
20 1420 (9th Cir. 1991).  Generally, plaintiffs are required to "plead that (1) the defendants acting
21 under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal
22 statutes."  Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986); see also WMX Techs.,
23 Inc. v. Miller, 197 F.3d 367, 372 (9th Cir. 1999) (en banc).
24    The defendants named in the complaint are Shasta County, the Peckhen Family,
25 and Scott Davies.  Plaintiff fails to allege that either the individual members of the Peckhen
26 family or Scott Davies acted in any manner "under color of state law."  It appears that Plaintiff

3

and these individuals are neighbors who had a disagreement regarding a travel trailer parked incorrectly in the road. Conduct which would amount to "state action" for purposes of the Fourteenth Amendment, is "action under the color of state law" for purposes of § 1983. See West v. Atkins, 487 U.S. 42, 49 (1988); but see Lugar, 457 U.S. at 935 n.18 (stating the opposite is not true; not all conduct which satisfies the under-color-of-state-law requirement would satisfy the Fourteenth Amendment requirement of state action.)

> To constitute state action, "the deprivation must be caused by the exercise of some right or privilege created by the State ... or by a person for whom the State is responsible," and "the party charged with the deprivation must be a person who may fairly be said to be a state actor."

West, 487 U.S. at 49 (quoting Lugar, 457 U.S. at 937.) A defendant has acted under color of state law where he or she has "exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Id. There is nothing in the complaint which could be construed as alleging the Peckhen family or Scott Davies were acting under color of state law in order to support a claim under § 1983.

Plaintiff makes no specific reference in the complaint to defendant Shasta County. Plaintiff refers to actions by "the Sheriffs," the "Public Defender," the "District Attorney," and "in court," but he does not set forth the names these individuals nor does he name them as defendants to this action.[1] To the extent he is attempting to state a claim against Shasta County, he has not specified any action by the municipality. Municipalities and other local government units are among those "persons" to whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see also Thompson v. City of Los Angeles, 885

---

[1] Public defenders, acting as an advocate for their client, are not acting under color of state law for § 1983 purposes. See Georgia v. McCollum, 505 U.S. 42, 53 (1992). State prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official capacity. See Kalina v. Fletcher, 522 U.S. 118, 123-25 (1997). Judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts. See Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam).

F.2d 1439, 1443 (9th Cir. 1989). A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability. See <u>Bd. of County Comm'rs v. Brown</u>, 520 U.S. 397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers. See <u>id.</u> To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality. See <u>id.</u> A claim of municipal liability under § 1983 is sufficient to withstand dismissal even if it is based on nothing more than bare allegations that an individual defendant's conduct conformed to official policy, custom, or practice. See <u>Karim-Panahi v. Los Angeles Police Dep't</u>, 839 F.2d 621, 624 (9th Cir. 1988). Plaintiff fails to allege any action, policy, custom or practice of Shasta County as a basis for liability. To the extent he claims some unnamed county employees or officials acted in violation of his rights, such a claim is insufficient to support liability under § 1983 against the County

Finally, Plaintiff indicates he was arrested, but does not specify whether or not he was charged and/or convicted of any charges. The Due Process Clause protects prisoners from being deprived of life, liberty, or property without due process of law. <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974). If he was not charged, then he cannot raise a due process violation. If he was charged and/or convicted of some charge, and he is claiming that his due process rights were violated in relation thereto, prior to bringing such an action Plaintiff would have to show his conviction had been invalided through a prior proceeding.

Where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, or the result of a prison disciplinary hearing, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding. See <u>Edwards v. Balisok</u>, 520 U.S. 641, 646 (1987) (holding that § 1983 claim not cognizable because allegations of procedural

5

1  defects and a biased hearing officer implied the invalidity of the underlying prison disciplinary
2  sanction); Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 not
3  cognizable because allegations were akin to malicious prosecution action which includes as an
4  element a finding that the criminal proceeding was concluded in plaintiff's favor); Butterfield v.
5  Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not cognizable
6  because allegations of procedural defects were an attempt to challenge substantive result in
7  parole hearing); cf. Neal, 131 F.3d at 824 (concluding that § 1983 claim was cognizable because
8  challenge was to conditions for parole eligibility and not to any particular parole determination).
9  Therefore, to the extent his is claiming his due process rights were violated by the arresting
10 officers, his claim is insufficient.

11         Plaintiff's claims remain unclear, and he fails to specify the basis for this court's
12 subject matter jurisdiction.  A review of his complaint, as broadly and in the best light possible,
13 fails to establish a basis for this court's jurisdiction.  His complaint names only private
14 individuals, against whom a § 1983 action cannot lie, and a municipality against whom he makes
15 no actual claims, much less that the county had some policy which violated his rights.  To the
16 extent he attempted to name other actors as defendants (sheriff, public defender, district attorney,
17 or judge), those claims necessarily fail.  Plaintiff has not alleged he successfully challenged any
18 conviction arising out of the events identified in his complaint, in order to raise a § 1983 claim
19 against an arresting officer.  Section 1983 actions are generally not cognizable against
20 prosecuting and defending attorneys or judges.

21         Because it does not appear possible that the deficiencies identified herein can be
22 cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of
23 the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).
24 / / /
25 / / /
26 / / /

1	Based on the foregoing, the undersigned recommends that the amended complaint
2 be dismissed for failure to state a claim upon which relief can be granted.
3	These findings and recommendations are submitted to the United States District
4 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days
5 after being served with these findings and recommendations, any party may file written
6 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
7 Findings and Recommendations."  Failure to file objections within the specified time may waive
8 the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 20, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE